UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-22357-CIV-DAMIAN

TAMMY MANZY,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [ECF NO. 13]

**THIS CAUSE** is before the Court on Defendant, Carnival Corporation's ("Carnival"), Motion to Dismiss Plaintiff's Amended Complaint, filed August 15, 2024. [ECF No. 13 (the "Motion")].

THE COURT has considered the Motion, the parties' memoranda [ECF Nos. 17 and 18], the pertinent portions of the record, including the Amended Complaint [ECF No. 10], and all relevant authorities and is otherwise fully advised in the premises. For the reasons that follow, the Court grants the Motion.

### I. BACKGROUND

In this lawsuit, Plaintiff, Tammy Manzy, alleges Carnival is liable for injuries she sustained in July 2023 as a passenger aboard the Carnival cruise ship the *Mardi Gras*. Manzy filed her Complaint on June 18, 2024, asserting a single cause of action for negligence. [ECF No. 1]. After Carnival filed a Motion to Dismiss Plaintiff's original Complaint [ECF No. 8], on August 1, 2024 Manzy filed an Amended Complaint as of right. [ECF No. 10 (the "Amended Complaint")]. The Court denied Carnival's first Motion to Dismiss as moot [ECF

No. 11], and on August 15, 2024, Carnival filed the Motion that is now before the Court. [ECF No. 13].

Because Carnival's Motion was brought pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts the allegations of the Amended Complaint as true and construes them in the light most favorable to the Plaintiff. *Holland v. Carnival Corp.*, 50 F.4th 1088, n.1 (11th Cir. 2022) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012)). In the Amended Complaint, Manzy alleges that she was walking with some family members into "The Limelight Lounge" on Deck 7 of the ship when she slipped and fell due to a "a small step up" that she could not see because of "inadequate lighting and the floor's optical-illusion effect[.]" *See* Am. Compl. ¶¶ 6–12. Manzy claims that "a designation" is needed to "illuminate the section of the floor where the floor's elevation changes unexpectedly" and that "[i]t was Carnival employees working at the Limelight Lounge who turned the lights down so low at that time." *Id.* ¶¶ 14–16.

In the Motion to Dismiss, Carnival argues that the Amended Complaint should be dismissed because Manzy has improperly conflated direct and vicarious liability and has failed to plausibly plead Carnival's actual or constructive notice. *See generally* Mot. In Response, Manzy asserts that she pled only a vicarious-liability claim and further posits that nothing in the Amended Complaint converts this vicarious-liability claim into a direct-liability claim. *See generally* ECF No. 17 ("Response"). In its Reply, Carnival contends that Manzy does not allege a cognizable claim and that her reliance on *Yusko v. NCL (Bah.), Ltd.*, 4 F4th 1164, 1170 (11th Cir. 2021), is misplaced. *See generally* ECF No. 18 ("Reply").

The Motion is fully briefed and ripe for adjudication.

2

## II. LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading withstands a motion to dismiss if it alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

Federal Rule of Civil Procedure 8(a)(2) also requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).

## III. DISCUSSION

In her Response, Manzy argues that she "has pleaded only a vicarious-liability claim—not a direct-liability claim—against Carnival." Resp. at 1. A review of the Amended Complaint confirms that Manzy has not *explicitly* pled a direct liability claim against Carnival. *See generally* Am. Compl. Nevertheless, in Carnival's view, this stylization "is [merely] a blatant attempt to improperly avoid the notice pleading requirement," which would apply if

3

Manzy were to bring a direct claim against Carnival. Reply at 2–3. Carnival further contends that Manzy "has not properly alleged that any specific crewmember acted in any negligent manner causing her alleged fall." *Id.*

If it were true that Manzy had properly pled a vicarious liability claim and declined to pursue a direct liability claim, this Court would not question such a strategic decision. *See In re Qualcomm Antitrust Litig.*, 17-MD-02773-JSC, 2023 WL 7393012, at *9 (N.D. Cal. Nov. 7, 2023) (declining to "relieve" plaintiffs "of their choices" when observing that "[l]itigation often involves strategic choices"). Nevertheless, based on a review of the pleading, it does appear that Manzy has indeed attempted to smuggle a direct liability claim in the guise of a vicarious liability claim.

In *Yusko*, the Eleventh Circuit made it clear that a vicarious liability claim does not require a plaintiff to plausibly plead that a cruise line carrier had notice of a dangerous condition. *See Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021) ("[T]he notice requirement does not—and was never meant to—apply to maritime negligence claims proceeding under a theory of vicarious liability."). Still, mindful of the incentive this might provide to a plaintiff seeking to avoid pleading notice, the *Yusko* court was also careful to delineate claims that are allowed to proceed under a vicarious liability theory from claims that are not:

> It may be true that, in some cases, it will [be] easier for a passenger to proceed under a theory of vicarious liability than under one of direct liability. But common sense suggests that **there will be** just as **many occasions where passengers are limited to a theory of direct liability**. **Sometimes, as in *Keefe*, a passenger will not be able to identify any specific employee whose negligence caused her injury**. **In other cases, a passenger will seek to hold a shipowner liable for maintaining dangerous premises (as in *Everett*)** . . . . Accordingly, we are confident that the notice requirement will have a robust field of operation despite our decision not to extend it to vicarious liability.

*Id.* at 1170 (emphasis added) (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990)). The issue, then is whether Manzy has sufficiently stated a claim for vicarious liability—the theory she states she intends to pursue.

To state a claim for vicarious liability in a maritime action against a shipowner, a plaintiff must plausibly allege that an employee committed a negligent act: "(1) within the scope of employment, or (2) during the course of employment and to further a purpose or interest of the employer." *Carey v. Kirk*, 21-20408-CIV, 2022 WL 17996027, at *7 (S.D. Fla. Sept. 2, 2022) (Martinez, J.) (citing *Valeo v. East Cost Furniture Co.*, 95 So. 3d 921, 925 (Fla. 4th DCA 2012). As discussed above, the issue presented here is whether Manzy has pled sufficient facts to identifying a specific employee or groups of employees who were allegedly responsible for her injury. *See Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (holding that the identification of a specific crewmember is an "essential part of any claim seeking to impose vicarious liability on an employer for an employee's negligence.").

Manzy pleads that "[i]t was Carnival employees working at the Limelight Lounge who turned the lights down so low at that time [of Plaintiff's alleged incident]" to cause the injury. Am. Compl. ¶ 16. Carnival points out that, if such a vague allegation were sufficient, "any claim could theoretically be one for vicarious liability, because a company can only act through its employees." Reply at 3. This Court agrees. Manzy must identify a specific employee. *See* 4 F.4th at 1170. In other examples where courts in this District found plaintiffs had successfully pled a vicarious liability claim, those plaintiffs identified a single responsible employee, even if not by name. *See Hunter v. Carnival Corp.*, 609 F. Supp. 3d 1305, 1309–12 (S.D. Fla. 2022) (Altonaga, J.) (claim based on specific cabin steward's failure to secure bunk

bed ladder); *Swain v. Carnival Corp.*, 23-22973-CIV, 2024 WL 552196, at *3 (S.D. Fla. Feb. 12, 2024) (Scola, J.) (allegation that "one Carnival security guard in particular was nearby, throughout the entirety of the encounter and failed to intervene in the attack"). This is consistent with *Yusko* itself, wherein a single allegedly negligent dancer was pled to have caused the plaintiff's injuries.

Here, however, Manzy's claim "involve[s] the conduct of multiple individual agents of the principal, not identifiable to the plaintiff at the outset of the case[,]" and therefore is exactly the sort of claim that must be brought under a theory of direct liability. *Mathis v. Classica Cruise Operator Ltd. Inc.*, 23-CV-81479, 2024 WL 1430508, at *5 (S.D. Fla. Apr. 1, 2024) (McCabe, Mag. J.), *report and recommendation adopted*, 23-81479-CIV, 2024 WL 3616006 (S.D. Fla. Aug. 1, 2024) (Cannon, J.). Courts in our District have consistently interpreted *Yusko* as "recognizing that a plaintiff will not always be able to plead a vicarious liability claim plausibly and in good faith[,]" *Branyon v. Carnival Corp.*, 24-CV-20576, 2024 WL 3103313, at *4 (S.D. Fla. June 24, 2024) (Altman, J.) (quoting *Hunter v. Carnival Corp.*, 609 F. Supp. 3d 1305, 1310 (S.D. Fla. 2022) (Altonaga, J.)). Here, Manzy has not plausibly pled a vicarious liability claim by simply identifying that there were possibly a group of employees working at the "Lounge" where Manzy alleges she was injured.

Finally, this Court also rejects Manzy's suggestion that she has circumvented any requirement that the case proceed under a theory of direct liability by identifying employees who failed to follow the proper procedures in lighting the Limelight Lounge. *See J.F. v. Carnival Corp.*, 710 F. Supp. 3d 1176, 1184–85 (S.D. Fla. 2023) (Martinez, J.) (finding that "allegations [that] relate to negligent policies, procedures, and training . . . do not state a claim for vicarious liability").

Therefore, this Court concludes that Manzy's allegation that "Carnival employees working at the Limelight Lounge" were responsible for her injuries is not sufficiently specific to sustain a vicarious liability claim.[1]

### IV. CONCLUSION

For the reasons set forth above, this Court finds that Plaintiff fails to state a claim for vicarious liability. As she indicates in her Response to the Motion to Dismiss, she does not assert a claim for direct liability. As such, the Amended Complaint fails to state a claim and must be dismissed.

However, it is possible that a more carefully drafted pleading might establish a theory of Carnival's vicarious liability—or of Carnival's direct liability if Plaintiff decides to plead such a claim. "Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (cleaned up).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint **[ECF No. 13]** is **GRANTED**. The Complaint is **DISMISSED WITHOUT**

---

[1] Additionally, Manzy's claim resembles a premises liability claim (of which negligent maintenance claims are a type) without explicitly calling itself that. *Cf. Britt v. Carnival Corp.,* 580 F. Supp. 3d 1211, 1215 (S.D. Fla. 2021) (Moore, C.J.) ("As much as Plaintiff argues that she seeks to hold Defendant vicariously liable for its employees' 'negligent mopping,' what [p]laintiff, in effect, seeks to hold [d]efendant vicariously liable for is its employees' negligently creating and then failing to warn about a dangerous condition on the premises . . . ."). While this Court does not direct that Manzy *must* bring her claim as a premises liability claim in this Order, these authorities strongly suggest it is her only viable route with the facts as pled in the Amended Complaint.

**PREJUDICE**. In the event Plaintiff intends to file an Amended Complaint, she shall do so within **fourteen (14) days** of the date of this Order.

DONE AND ORDERED in Chambers in the Southern District of Florida, this <u>3rd</u> day of October, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**